UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAYBURN "RAY" McCLURE,<br><br>    Plaintiff,<br><br>  v.<br><br>LINCOLN COUNTY AND LINCOLN COUNTY BOARD OF COMMISSIONERS, CRESLEY MCCONNELL, and ROY HUBERT,<br><br>    Defendants. | Case No. 1:15-CV-00324-EJL-CWD<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

### INTRODUCTION

On February 22, 2016, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report") recommending that the Defendants' Motion to Partially Dismiss be granted in part and denied in part and Plaintiff's Motion for Leave to Amend to Include Claims for Punitive Damages be granted in part and denied in part. (Dkt. 35.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or

**ORDER ON REPORT AND RECOMMENDATION - 1**

modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). The Defendants filed written objections to the Report and the Plaintiff has filed a response. (Dkt. 36, 37.) The matter is ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed, the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ.

**ORDER ON REPORT AND RECOMMENDATION - 2**

P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

The Court has reviewed the unobjected to portions of the Report as well as the record in this matter for clear error and none has been found. The Court has also conducted a *de novo* review of those portions of the Report to which the Defendants have objected and finds as follows.

## DISCUSSION

The full procedural background and facts of this case are well articulated in the Report and the Court incorporates the same in this Order. (Dkt. 35.) In general, this case concerns the Defendants' termination of Plaintiff as the Lincoln County Planning and Zoning Administrator. In the Second Amended Complaint, Plaintiff raises eight causes of action alleging violations of the Idaho Open Meeting Law, breach of contract and the covenant of good faith and fair dealing, wrongful discharge in contravention of public policy, violation of the First and Fourteenth Amendments, and negligence. (Dkt. 6.) Defendants filed a Partial Motion to Dismiss the First, Second, Third, Fourth, and Seventh claims for relief. (Dkt. 10.) The Motion is based upon Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On February 3, 2016, the Magistrate Judge held a hearing and, thereafter, issued the Report and Order on the pending Motions. (Dkt. 35.)

**ORDER ON REPORT AND RECOMMENDATION - 3**

The Report recommends denying the Partial Motion to Dismiss as to the First and Second claims brought under the Idaho Open Meeting Law and granting dismissal of the Third and Seventh claims. (Dkt. 35.) On the Fourth Claim, wrongful discharge in contravention of public policy, the Report recommends granting dismissal as to the public policy based allegations involving the First Amendment to the United States Constitution, the Idaho Open Meeting Law, and Idaho tort law, but denying dismissal as to the alleged violation of the Idaho Constitution. Additionally, the Report recommends dismissal of the Defendants Hubert and McConnell in their official capacities. (Dkt. 35 at 44-45.) Finally, the Report recommends granting Plaintiff's Motion for Leave to Amend the Complaint to include punitive damages as to the federal claims but denying the same as to the Idaho state claims. (Dkt. 35 at 45-55.)

Defendants object to the Report's recommendations relating to whether 1) Plaintiff has standing to bring claims based on the Idaho Open Meeting Law and 2) Plaintiff's failure to seek judicial review under Idaho Code § 31-1506 divests this Court of subject matter jurisdiction. (Dkt. 36.) Both objections challenge the Report's conclusion that this Court has subject matter jurisdiction over the First, Second, and Fourth Claims. Plaintiff counters that the Report is correct in its analysis and conclusions and should be adopted in its entirety. (Dkt. 37.)

1.   **The Idaho Open Meeting Law**

Defendants argue the Report applied the wrong standard in determining whether the Plaintiff has standing to bring the First and Second Claims under the Idaho Open Meeting

**ORDER ON REPORT AND RECOMMENDATION - 4**

Law and incorrectly interpreted the decision in *Arnold v. City of Stanley*, 345 P.3d 1008 (Idaho 2015) applying that standard. (Dkt. 36 at 5-13.) This Court has reviewed the *Arnold* decision, the parties' initial briefing on the Motion, the Report, and the briefing on the objections. Having done so, this Court is in agreement with the Report's analysis and conclusion that the Plaintiff has standing to bring a private enforcement action under Idaho Code § 67-2347 because he has alleged the violations making up his claims adversely affected him.

The Idaho Open Meeting Law, Idaho Code § 67-2347 (2014), allows for a private right of action by "[a]ny person affected by a violation of the provisions of this [Act]" to "commence a civil action...for the purpose of requiring compliance with provisions of this act." (Dkt. 35 at 18) (Dkt. 36 at 6.)

The Defendants argue the claims cannot be based on the affect the action taken at the contested meeting had on the Plaintiff – his termination – but, instead, must be based on the fact that the specific alleged violation of the open meeting law affected the Plaintiff – i.e., the affect of not having a public meeting. (Dkt. 36 at 7-8.) The Defendants' contend the Report's application of that standard improperly focused on the outcome of the County's decisions made at the contested meetings instead of whether the alleged violations of the Idaho Open Meeting Law affected the Plaintiff. Simply, the Defendants argue the Plaintiff was not "adversely affected" by the alleged violations. The Report addresses this argument in its discussion of these claims concluding that despite the Plaintiff being present at the meeting, he was not afforded the benefit of being terminated at an open meeting as required

**ORDER ON REPORT AND RECOMMENDATION - 5**

by the law. (Dkt. 35 at 20-22.) This Court agrees with the reasoning and conclusion of the Report in this regard.

The Report correctly points out that the purpose underlying the open meeting law is transparency which requires more than the Plaintiff's presence and/or the taking of public comments, as the Defendants argue. The law requires that the meeting be held in public. That is to say, governing bodies are required to conduct their business and hold such meetings in a forum where the public can be present. The importance and purpose in the law requiring as much is based on the idea of transparency which allows citizens to hold their governing bodies accountable. Here, as the Report notes, the failure to hold the alleged meetings in public may have affected the Plaintiff. (Dkt. 35 at 20-22.) In particular, that the outcome of the County's decision may have been different if it had been held in public as opposed to a closed executive session. This Court disagrees with the Defendants' argument that the Report improperly speculated in this regard. (Dkt. 36 at 12.)

In addition, this Court's own *de novo* review of *Arnold* is consistent with the Report's interpretation. *Arnold* clarifies that only one who is adversely affected by a violation of Idaho's Open Meeting Law has standing to bring a private enforcement action under Idaho Code § 67-2347(6). *Arnold*, 345 P.3d at 1010. The court in *Arnold* concluded that the claimant had not been adversely affected by the alleged violation – holding the meeting earlier than noticed – because the claimants had no intention of attending the meeting. Defendants maintain the Plaintiff in this case was similarly not affected by the alleged violation because he was present at the meeting. (Dkt. 10 at 9-10) (Dkt. 25 at 3-4.) Again,

**ORDER ON REPORT AND RECOMMENDATION - 6**

this Court agrees with the Report's reasoning and conclusion that Plaintiff has shown he was affected by the alleged violation despite the fact that Plaintiff was present during the closed executive session. (Dkt. 35 at 20-22.)

Based on the foregoing, the Court agrees with the Report and concludes the Plaintiff has standing to bring his First and Second Claims. For these reasons and those stated in the Report, the Court denies the objection.

**2.     Judicial Review Under Idaho Code § 31-1506**

Defendants argue the Report errs in determining that judicial review of the termination decision was not mandatory under Idaho Code § 31-1506(1) before Plaintiff could bring his wrongful discharge in contravention of public policy claim. (Dkt. 36 at 13-17.)[1] The objection challenges the Report's: 1) failure to identify that the termination was a "final act" under Idaho Code § 31-1506 and *Ravenscroft v. Boise Cnty.*, 301 P.3d 271 (Idaho 2013), 2) erroneous distinction between a tort and a contract action, and 3) incorrect interpretation finding the statute does not require mandatory judicial review. This objection boils down to whether the Fourth Claim for wrongful termination challenges the Defendants' termination decision itself and, therefore, was required to proceed through judicial review.

*Ravenscroft* involved a petitioner's request for judicial review of a county's final decision terminating the petitioner's employment. There, the Idaho Supreme Court held that the county's decision to terminate was an "act, order or proceeding" under Idaho Code § 31-

---

[1] Defendants made clear in their Reply brief that the failure to seek judicial review only bars the Plaintiff's wrongful discharge claim, not all of the claims. (Dkt. 25 at 5.)

**ORDER ON REPORT AND RECOMMENDATION - 7**

1506 which was subject to judicial review. *Ravenscroft*, 301 P.3d at 274. This Court agrees with the Report that *Ravenscroft* permits judicial review of a county's decision to terminate – i.e., that the termination is a "final act, order or proceeding" – and that the case did not expressly decide that judicial review is mandatory. (Dkt. 35 at 25-26.)

While *Ravenscroft* does not itself mandate judicial review, this Court diverges from the Report's conclusion that Idaho Code § 31-1506 "does not specifically require judicial review of a board's decision prior to filing a civil contract based action in district court." (Dkt. 35 at 25-26.) Idaho Code § 31-1506(1) states:

> Unless otherwise provided by law, judicial review of any final act, order or proceeding of the board as provided in chapter 52, title 67, Idaho Code, shall be initiated by any person aggrieved thereby within the same time and in the same manner as provided in chapter 52, title 67, Idaho Code, for judicial review of actions.

The plain language of this statute requires that a party seek judicial review of a final act, order, or proceeding of a county board "within the same time and in the same manner" as provided in the Idaho Administrative Procedure Act ("IDAPA"), Idaho Code § 67-5270 *et seq.*, prior to filing a civil suit challenging the same final act. The statute's use of the words "shall be initiated" mandates that a claimant challenging a "final" action first proceed under the judicial review process outlined in the IDAPA. Under that procedure, the Plaintiff was required to timely file for judicial review in the manner prescribed by the IDAPA prior to

**ORDER ON REPORT AND RECOMMENDATION - 8**

filing this action.[2] This interpretation of the statutory language is consistent with the legislative intent for Idaho Code § 31-1506.

In 2013, Idaho Code § 31-1506 was amended to include the word "final" in the first line of paragraph one and to add the citation to the IDAPA – "as provided in chapter 52, title 67, Idaho Code." *See* H.B. 150, 62nd Leg. Sess. (Idaho 2013). The purpose of the 2013 amendments was to revise the provisions relating to judicial review of county board decisions and require individuals to proceed first through the IDAPA before filing a lawsuit. *See* H.B. 150, Leg. 62nd Sess., *Hearing on H150 Before the H. Comm. on Local Gov't*, (Idaho March 18, 2013) (statement of Michael Kane, Idaho Assn. of Cntys.) ("H150 would clearly define that individuals need to go through the rules of the [IDAPA] before bringing a lawsuit."); H.B. 150, Leg. 62nd Sess., *Hearing on H150 Before the S. Judiciary & Rules Comm.*, (Idaho March 25, 2013) (statement of Michael Kane, Idaho Assn. of Cntys.) ("[T]he purpose of this bill is to clarify that a person must comply with the [IDAPA] prior to bringing an appeal regarding the decisions of county commissioners."). The 2013 amendments to the statute were the law in place at the time of Plaintiff's termination on April 28, 2014.

The Fourth Claim for wrongful discharge in contravention of public policy raised in this case challenges the Defendants' decision terminating Plaintiff. (Dkt. 6-1 at ¶¶ 59-62, 64, 66, 73.) While the claim is based upon the public policy found in the Idaho Constitution's

---

[2] The Court disagrees with the Plaintiff's argument that this interpretation "would remove a cause of action from a subsect of public employees." (Dkt. 37 at 5.) The statute does not eliminate any cause of action. It simply requires that those aggrieved by a county's final action to proceed first through the process administrative review before filing a civil suit.

**ORDER ON REPORT AND RECOMMENDATION - 9**

freedom of speech clause, the claim itself challenges the Defendants' decision to terminate him; a.k.a. wrongful discharge. Under *Ravenscroft*, that termination decision is a "final act, order or proceeding" within the meaning of Idaho Code § 31-1506. The plain language of Idaho Code § 31-1506, as discussed above, required the Plaintiff to challenge to the County's decision to terminate first through the judicial review process provided for in the IDAPA. Plaintiff's failure to do so is fatal to his wrongful discharge claim. For these reasons, this Court concludes it is without subject matter jurisdiction to consider Plaintiff's Fourth Claim. The Motion to Dismiss is granted as to the Fourth Claim.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation entered on February 22, 2016 (Dkt. 35) is **ADOPTED IN PART AND REJECTED IN PART** as follows:

1) The Defendant's Motion to Partially Dismiss (Dkt. 10) is **GRANTED IN PART AND DENIED IN PART** as stated in the Report and Recommendation except as to the Fourth Claim which is dismissed in its entirety.

2) The Plaintiff's Motion for Leave to Amend to Include Claims for Punitive Damages (Dkt. 27) is **GRANTED** as to the federal claims and **DENIED WITHOUT PREJUDICE** as to the Idaho state claims. Plaintiff shall file his Third Amended Complaint in accordance with the ruling articulated in the Report and Recommendation on or before **April 7, 2016**.

Dated: **March 31, 2016**

Honorable Edward J. Lodge
United States District Judge